UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JAMES SLATER,                                                                    15-cv-7450

                         Plaintiff,

     -against-                                                              **FIRST AMENDED COMPLAINT**

P.O. "Joe" TORRES (New York City Police Officer,          **JURY TRIAL DEMANDED**
6th Precinct, Tax Registry No. 929268);

                         Defendant.
------------------------------------------------------------------X

     Plaintiff amends the caption to read as follows:

------------------------------------------------------------------X

JAMES SLATER,

                         Plaintiff,

     -against-

P.O. "Joe" TORRES (New York City Police Officer,
6th Precinct, Tax Registry No. 929268), and the City of
New York (NYC Police Department),

                         Defendant.
------------------------------------------------------------------X

     Plaintiff, by his attorneys, Advocates for Justice, Chartered Attorneys, who appear as below-signed, as and for his First Amended Complaint, alleges as follows:

## NATURE OF THE CASE

     1.     This is a civil rights action under 42 USC § 1983 arising from the false arrest/false imprisonment and the use of excessive force perpetrated by a Police Officer of the New York City Police Department ("NYPD") during the arrest of the Plaintiff. This incident took place on June 20, 2014. The Plaintiff is entitled to compensatory damages for the harms

suffered as a result of the Defendants' unlawful actions, punitive damages to punish and deter the Defendants from engaging in similar unlawful actions in the future, and reasonable attorney fees and costs.

## JURISDICTION

2.     This court has original jurisdiction over this action pursuant to 28 USC §§ 1331 and 1343, because this action arises under the Fourth and Fourteenth Amendments to the Constitution. This Court's pendent jurisdiction is also invoked.

3.     Plaintiff served valid Notice of Claim on the New York City Comptroller's Office within 90 days of the incident described hereinbelow. Plaintiff's 50-h Hearing was conducted on November 24, 2014. Plaintiff provided the City with executed HIPAA authorizations at this Hearing. To date, the City has failed to settle this matter administratively. This action is being brought more than 30 days after the Notice of Claim was served on the City and within one year and one day after the incident.

## PARTIES

4.     Plaintiff **James Slater** is a citizen of the United States, and resides in New York, New York. Mr. Slater is a financial consultant. He does not have a criminal record. He sustained injuries as a result of an arrest in June 2014.

5.     Defendant **Police Officer "Joe" Torres** (Tax Registry No. 929268), is an employee of the New York City Police Department. Upon information and belief, Officer Torres' place of business is the 6th Precinct, located at 233 West 10th Street, New York, N.Y. 10014. Officer Torres was the arresting officer and witnessed the alleged crime. Defendant exerted excessive force in the arrest of Plaintiff. At all relevant times, Officer Torres was acting under the color of law, but in abuse of that authority. Officer Torres is being sued in his

2

individual capacity under 42 USC § 1983. Plaintiff does not know Torres' first name and seeks leave to amend once his name is known.

6. Defendant City of New York is a municipal corporation existing pursuant to the Laws of the State of New York. It employs all members of the NYPD. City of New York is sued only on the pendant claims.

## FACTUAL ALLEGATIONS

## COUNT ONE:  EXCESSIVE FORCE (4th AMENDMENT)

7. Under the 4th Amendment to the United States Constitution, a Police Officer may use only such force as is reasonably believed necessary under the circumstances in order to effectuate an arrest. This force is excessive when it goes beyond what a police officer reasonably believes is necessary to effectuate a valid arrest.

**Assault of Mr. Slater**

8. At approximately 11pm on June 20, 2014, Plaintiff took his dog, Winter, out for a walk in his neighborhood, the West Village, in Manhattan. The night was very quiet as it was a holiday weekend, with almost zero car or pedestrian traffic.

9. Plaintiff walked south down Bleecker St., and when he reached Charles St. he looked left and saw a police cruiser 50-75 yards away, moving slowly as it proceeded west on Charles St. towards the 6th Precinct stationhouse (between Bleecker and Hudson St, and Charles and W. 10th St.).

10. The squad car was moving slowly more than half a block away as Plaintiff proceeded across Charles Street.

11.     Plaintiff continued walking and moments later, in his peripheral vision, saw the patrol car flash its lights. This was followed by a brief siren before the patrol car accelerated alongside the sidewalk.

12.     Plaintiff continued walking south on Bleecker, and the patrol car came to a sudden stop on the SW corner of Bleecker and Charles.

13.     P.O. Torres, who was driving, got out of the patrol car and accused Plaintiff of walking directly in front of the moving police car and then not stopping when a police officer signaled for him to do so. Plaintiff responded: "What? Officer, I was nowhere near you." P.O. Torres became aggressive and confrontational and he insisted that Plaintiff had walked out in front of him. P.O. Torres asked Plaintiff a number of times: "Do you want to be arrested? Do you want to go to jail?" after Plaintiff admitted that he had no identification on him.

14.     Plaintiff refused to admit that he had jaywalked, but the entire time he was respectful and didn't raise his voice. Plaintiff was very confused as to why P.O. Torres confronted him in such a hostile and aggressive manner when he was simply walking his dog on a quiet night one block from home.

15.     Plaintiff explained his long-time support of the police, and said things like: "Listen, I understand the job you guys do, but this isn't right." P.O. Torres continued to threaten to arrest Plaintiff.

16.     Plaintiff pleaded with P.O. Torres' partner, who appeared to be a younger officer, and asked: "You're witnessing this, right? You're seeing this?" This younger officer did not make eye contact with Plaintiff, but instead she looked at the ground and said nothing.

17.  After 10 minutes of continued threats to arrest Plaintiff, P.O. Torres told Plaintiff that he was under arrest, turned Plaintiff around and pushed him hard up against a waist-high wall. P.O. Torres was physically bigger and stronger than Plaintiff.

18.  P.O. Torres handcuffed Plaintiff. While doing so, he squeezed the cuff on Plaintiff's left wrist excessively, causing wincing pain and a bone bruise, both of which lasted three weeks. Plaintiff complained that the cuffs were too tight and causing severe pain. P.O. Torres responded by stating: "That's the way handcuffs work."

19.  The female officer led Plaintiff's dog to the precinct. P.O. Torres then marched and pushed Plaintiff the approximately 50 yards to the 6th precinct entrance, before stopping just outside the door and asking Plaintiff several times: "Listen to me. Do you want this to be over? Do you want this to be over?" Plaintiff responded: "You do what you have to do."

20.  Plaintiff was brought into the precinct and berated by the female desk sergeant on duty after which she yelled: "Put him in the cell!" Plaintiff was relieved of his personal items and spent the next hour in a holding cell as they searched for warrants and checked his background.

21.  P.O. Torres threatened to put Plaintiff "in the system for the night" if they either found any warrants out for his arrest or if he didn't "behave" in front of the next desk sergeant on duty when it came time for Plaintiff to receive his summons and be released.

22.  From the time of release onwards, Plaintiff has suffered pain and numbness in the hand that was cuffed too tight, and about which he complained to P.O. Torres when he was handcuffed and marched to the precinct. Plaintiff has visited numerous doctors, including a neurologist for this injury.

23.  Police Officer Torres could not have reasonably believed that violently cuffing and pushing Plaintiff was reasonably necessary under the circumstances.

24.     The aforementioned acts of Defendant Police Officer Torres were within the scope of his employment, but in violation of Plaintiff's constitutional rights under the Fourth Amendment.

25.     Plaintiff was not arrested for a violent or serious crime, nor did he pose a threat to the officer or others at the time of the incident. There was no active resistance to the arrest nor was there any attempt to evade arrest by flight. The force used exceeded that necessary to bring the Plaintiff under control and placing Plaintiff in a cell was unnecessary. No warning as to the possible use of the force used was given by Police Officer Torres prior to its use.

26.     As a result of Defendant Torres' aforedescribed unconstitutional conduct, the Plaintiff suffered physical injury, mental anguish, emotional distress, and loss of enjoyment of life, for which he is entitled to an award of compensatory damages.

27.     Defendant Torres acted intentionally, maliciously, and with a reckless disregard for Plaintiff's rights.

### COUNT TWO:  FALSE IMPRISONMENT/FALSE ARREST (4th AMENDMENT)

28.     As discussed *supra*, Plaintiff was arrested and imprisoned by Defendant Torres.

29.     Defendant Torres restrained, arrested, and imprisoned Plaintiff without probable cause, arguable probable cause, or other legal justification, and without a need to restrain the Plaintiff.

30.     As a result of the Defendant Torres' unconstitutional conduct alleged herein, the Plaintiff suffered physical injuries, loss of liberty, emotional distress, insult, embarrassment, humiliation, loss of enjoyment of life, and other compensable injuries.

31.     Defendant Torres acted with intentional, knowing, callous, and/or reckless indifference to Plaintiff's rights when he arrested and imprisoned Plaintiff.

## COUNT THREE:  ASSAULT (PENDANT CLAIM)

32. By acting as described in paragraphs 13-27, Defendant Torres assaulted the Plaintiff.

33. Because Defendant Torres was acting within the scope of his duties, the City of New York is liable for the actions taken by Defendant Torres.

34. As a result of Defendants' aforedescribed conduct, the Plaintiff suffered physical injury, mental anguish, emotional distress, and loss of enjoyment of life.

35. Defendant Torres acted intentionally, maliciously, and with a reckless disregard for Plaintiff's rights.

## COUNT FOUR:  FALSE IMPRISONMENT/FALSE ARREST (PENDANT CLAIM)

36. By acting as described in paragraphs 13-27, Defendant Torres falsely arrested and falsely imprisoned Plaintiff.

37. As a result of Defendant's Torres' false imprisonment of Plaintiff, Plaintiff suffered physical injury, mental anguish, emotional distress, and loss of enjoyment of life.

38. Because Defendant Torres was acting within the scope of his duties, the City of New York is liable for the actions taken by Defendant Torres.

39. Defendant Torres acted intentionally, maliciously, and with a reckless disregard for Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff demands judgment against the Defendants as follows.

i. Compensatory damages awarded against the Defendants jointly and severally in an amount no less than one hundred thousand dollars ($100,000);

      ii.      Punitive damages against Defendant Torres in an amount no less than one hundred thousand dollars ($100,000);

      iii.      Attorneys' fees, costs, and disbursements; and

      iv.      Such other and further relief that Plaintiff may be entitled under law, or as justice may require.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       November 20, 2015

                      ADVOCATES FOR JUSTICE
                      CHARTERED ATTORNEYS
                      Attorneys for Plaintiff

                      By: _____/s/_____
                      Arthur Z. Schwartz (AZS 2683)
                      Laine A. Armstrong (LA 3923)
                      225 Broadway, Suite 1902
                      New York, New York 10007
                      (212) 285-1400
                      aschwartz@afjlaw.com
                      laine@advocatesny.com